UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON EMPLOYERS TRUST, | CASE NO. C10-699 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| NORTH STAR CASTEEL PRODUCTS, INC., | |
| Defendant. | |

This comes before the Court on Defendant's motion to dismiss (Dkt. No. 13).  Having reviewed the motion, the response (Dkt. No. 17), the reply (Dkt. No. 20), and all related filings, the Court GRANTS Defendant's motion to dismiss.

**Background**

Plaintiff Washington Employers Trust ("WET") is suing Defendant North Star Casteel Products, Inc. ("North Star") for breach of the parties' Subscription and Trust Agreement. Specifically, WET sues under §§ 502(d)(1) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), alleging North Star "failed to abide by the terms and conditions

1    set forth in the Subscription Agreement and is and continues to be delinquent in payments to the

2    Trust Funds [for 2008].  (Am. Compl. ¶ 5.) WET seeks approximately $26,700 in contributions,

3    $3,200 in liquidated damages, $4,100 in interest, and $1,000 in audit fees.  (Id.)

4                                                  **Analysis**

5         Defendant seeks dismissal because neither §§ 502(d)(1) nor 503(a)(3) allow WET to

6    recover monetary damages.  Alternatively, Defendant argues summary judgment is appropriate

7    because WET cannot demonstrate liability. Defendant also seeks attorney's fees and costs for

8    defending WET's complaint pursuant to the parties' contract.

9       1.  Motion to Dismiss

10        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

11   accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---

12   U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,

13   (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

14   draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129

15   S.Ct. at 1949 (citing Twombly, 550 U.S. at 545, 127 S.Ct. 1955) (further noting that plausibility

16   lies somewhere between allegations that are "merely consistent" with liability and a "probability

17   requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009)

18   ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,'

19   and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

20   plaintiff to relief.") (citing Iqbal at 1949). The Court must accept plaintiffs' factual allegations as

21   true, but need not accord the same deference to legal conclusions. Id. at 1949-150 (citing

22   Twombly at 555, 127 S.Ct. 1955). Courts "are not bound to accept as true a legal conclusion

23   couched as a factual allegation." Iqbal, at 1950 (citation omitted).

24

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 2

1   First, North Star argues WET's complaint fails to allege WET is a "fiduciary" entitled to

2   bring this claim.  The Court agrees.  Section 502(a)(3) states "[a] civil action may be brought—

3   (3) by a <u>participant</u>, <u>beneficiary</u>, or <u>fiduciary</u> (A) to enjoin any act or practice which violates any

4   provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable

5   relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the

6   terms of the plan."  29 U.S.C. § 1132(a)(3)(emphasis added).  As such, an ERISA plan does not

7   have standing itself unless it is a participant, beneficiary, or fiduciary.  <u>Steen v. John Hancock</u>

8   <u>Mut. Life Ins. Co.</u>, 106 F.3d 904, 913-14 (9th Cir. 1997).

9   Here, the parties appear to agree WET is not a participant or beneficiary.  WET

10  nevertheless argues it is entitled to sue under § 502(a)(3) as a fiduciary.  The Court finds WET's

11  standing to sue is questionable.  WET's complaint states it is a multiple employer welfare

12  association ("MEWA") organized under 29 U.S.C. § 1002(40)(A), but it does not allege WET is

13  a fiduciary.  A fiduciary under ERISA is one who (a) exercises any discretionary authority or

14  discretionary control respecting management of such plan or exercises any authority or control

15  respecting management or disposition of its assets, (b) renders investment advice for a fee or or

16  other compensation . . . with respect to moneys or other property of such plan . . . or (c) has a

17  discretionary authority or discretionary responsibility in the administration of such plan.  29

18  U.S.C. § 1002(21)(A).

19  WET's complaint fails to allege any facts suggesting it exercises discretionary control

20  over a plan.  While § 503(d)(1) states "[a]n employee benefit plan may sue or be sued under this

21  subchapter as an entity," the provision only serves to ensure plans are treated as entities capable

22  of suing when the entity is a participant, beneficiary or fiduciary.  29 U.S.C. § 1132(d)(1); <u>see</u>

23  <u>Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.</u>, 700 F.2d

24

889, 893 ("ERISA's provision '[a]ffording plans the power to sue does not, however, imply that they may bring actions under ERISA"); <u>see also</u> <u>Local 159, 342 & 444 v. Nor-Cal Plumbing</u>, 185 F.3d 978, 983 n.4 (9th Cir. 1999). Since WET does not allege it is a fiduciary, the Court finds WET lacks standing to bring a § 502(a)(3) claim.

Second, North Star argues §§ 502(d)(1) and 502(a)(3) do not provide for monetary damages. The Court agrees. Section 502(a)(3) provides for civil actions that seek to enjoin conduct that violates a plan agreement or to obtain "other appropriate equitable relief." As used in § 502(a)(3), the term "equitable relief" is limited to forms of relief that were typically available in equity, such as injunction, mandamus, and restitution. <u>Aetna Life Ins. Co. v. Bayona</u>, 223 F.3d 1030, 1033 (9th Cir. 2000). It does not include contract damages or reimbursement pursuant to contract. <u>Cement Masons Health and Welfare Trust Fund for Northern California v. Stone</u>, 197 F.3d 1003, 1006 (9th Cir. 1999). In other words, "[w]hen the substance of the relief is monetary . . . such a remedy is not available under § 1132(a)(3)." <u>Aetna</u>, 223 at 1033.

Here, WET seeks unpaid contributions, interest, and liquidated damages based on the parties' Subscription and Trust Agreement. The relief sought is based on contract and monetary and, therefore, unavailable under §§ 502(d)(1) and 502(a)(3) of ERISA. Although WET argues civil actions are routinely filed for delinquent contributions, WET's complaint does not allege a claim under the ERISA provision that authorizes awards for unpaid contributions. Since the ERISA provisions cited in WET's complaint do not provide for monetary damages, the Court finds WET's complaint fails to state a claim.

To the extent WET believes North Star's motion is untimely, WET's argument fails. North Star seeks to dismiss for failure to state a claim under Rule 12(b)(6). Although a Rule

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 4

1    12(b)(6) motion is generally brought before filing an answer, failure to state a claim is a non-

2    waivable defect and can be raised at any time.  Fed. R. Civ. P. 12(h)(2). The same is true if North

3    Star's motion is considered a motion to dismiss based on subject matter jurisdiction.  A motion

4    for lack of subject matter jurisdiction can likewise be raised at any time.  Fed. R. Civ. P.

5    12(h)(3); see Quarty v. United States, 170 F.3d 961, 973 n.7 (9th Cir. 1999).

6            The Court DISMISSES without prejudice and DENIES Plaintiff's request for leave to

7    amend because WET lacks standing and fails to state a claim.   Since WET's claims are

8    dismissed, the Court declines to address Defendant's argument for summary judgment.

9        2.   Motion to Strike

10           In reply, North Star requests the Court strike the payroll audit report and references to the

11   report in WET's briefing. (See Cody Decl., Dkt. No. 19, Ex. B.) WET offers no surreply.

12           The audit report is unsigned and not offered into the record by the person who prepared it

13   nor a person knowledgable about its preparation.  Although review of the audit report is not

14   necessary to consider the motion to dismiss, the Court STRIKES the audit report and Plaintiff's

15   references to the audit report because it lacks truthworthiness.

16                                          **Conclusion**

17           The Court GRANTS Defendant's motion to dismiss for failure to state a claim and

18   DENIES Plaintiff's request for leave to amend the complaint.  The Court GRANTS Defendant's

19   motion to strike Plaintiff's reference to the audit report.  Defendant requests attorneys' fees

20   based on the parties' contract.  The Court ORDERS Defendant to submit a separate motion for

21   attorneys' fees which allows WET an opportunity to respond based on our Local Rules.  The

22   motion must include affidavits and/or documentation in support of the fee requested.

23   \\

24

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 5

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 29th day of April, 2011.

3

4

5    _____
     Marsha J. Pechman
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 6